IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SMITH, | ) | Case No. 1:21-cv-1705 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| KEITH FOLEY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

On November 13, 2017, Daanahr Pugh met with Brandon Smith to purchase marijuana. An altercation ensued, during which Smith shot and killed Pugh.  Smith then took Pugh's car and firearm, fled to a motel, and instructed an associate to have the car Smith drove to the transaction towed to the motel and to destroy Smith's marijuana grow operation.  Smith later pleaded guilty to one count of involuntary manslaughter with an attached firearm specification and one count of kidnapping and was sentenced to an aggregate prison term of 24 years.

Smith now petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, raising one claim for relief.  ECF Doc. 1.  Smith asserts:

> **Ground One**: The Petitioner's guilty plea should not have been accepted as questions about his competency were raised, but the trial court never made a finding of competency for the record.
>
> **Supporting Facts**: The issue of the Petitioner's competency was raised multiple times during the pendency of this case, and he was twice referred for a competency determination.  The first report received by the Trial Court indicated that the Petitioner "refused or was unable" to take part in the evaluation.  The Petitioner was then sent to North Coast Behavioral Healthcare, where a report indicated he was competent to stand trial.  Although the parties stipulated to the

report, the trial court never accepted the stipulation, or made a finding of competency.

ECF Doc. 1 at 5.  Respondent Warden Tim McConahay filed a return of writ, to which Smith filed a traverse.[1]  ECF Doc. 5; ECF Doc. 10.

Because Smith's sole claim for relief is procedurally defaulted and meritless, I recommend that Smith's claim be DISMISSED as defaulted or DENIED on the merits and that his petition for writ of habeas corpus be DENIED.  I further recommend that Smith not be granted a certificate of appealability.

## I.      State Court History

### A.      Trial Court

On December 4, 2017, a Cuyahoga County, Ohio, grand jury returned an indictment charging Smith with: one count of aggravated murder (Count I); two counts of murder (Counts II and III); two counts of aggravated robbery (Counts IV and V); two counts of felonious assault (Counts VI and VII); two counts of grand theft (VIII and X); one count of having weapons under disability (Count IX); one count of illegal manufacture of drugs (Count XI); two counts of trafficking (Counts XII and XVII); two counts of drug possession (Count XIII and XVIII); three counts of tampering with evidence (Counts XIV through XVI); and one count of receiving stolen property (Count XIX).  ECF Doc. 5-1 at 5–14.  Counts I-VIII, X, and XVII-XIX had attached firearm specifications.  ECF Doc. 5-1 at 5–10, 13–14.  Counts XI-XII had attached schoolyard specifications.  ECF Doc. 5-1 at 11.  Smith pleaded not guilty.  ECF Doc. 5-1 at 17.

On March 29, 2018, the trial court referred Smith for a competency evaluation.  ECF Doc. 5-1 at 25; *see* ECF Doc. 5-1 at 98 (stating that the referral was made at Smith's request).

---

[1] As the current warden of Mansfield Correctional Institution, where Smith is confined, Tim McConahay is the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004) ("the proper respondent [in a habeas action] is the warden of the facility where the [petitioner] is being held").

On April 26, 2018, the court received a competency report, in which the authoring physician stated that he was unable to render an opinion on Smith's competency because Smith was unable or unwilling to cooperate.  ECF Doc. 5-1 at 29.  The court referred Smith to North Coast Behavioral Health ("NCBH") for an inpatient competency evaluation.  *Id.*

On June 1, 2018, the trial court received a competency report from NCBH and scheduled a competency hearing.  ECF Doc. 5-1 at 32.  During an intervening pretrial hearing held on June 18, 2018, defense counsel expressed his belief that Smith had also been evaluated by MetroHealth following a suicide attempt and that Smith's social worker was looking into the evaluation results.  ECF Doc. 5-2 at 32–33.

On September 11, 2018, the trial court held a competency hearing.  ECF Doc. 5-1 at 177.  At the onset, the court summarized the NCBH report's findings: "[I]t is this doctor's opinion with reasonable medical certainty that Mr. Smith presently has the capacity to assist in his defense and that Mr. Smith presently has the capacity to understand the nature and objective of the proceedings against him."  ECF Doc. 5-2 at 36–37.  The parties stipulated to the report.  ECF Doc. 5-2 at 37.  Smith also indicated that although he had obtained a separate report on his competency, that report would not be produced or referenced.  ECF Doc. 5-2 at 37–38.

On November 28, 2018, Smith changed his plea pursuant to a negotiated plea agreement.  ECF Doc. 5-1 at 38–39; ECF Doc. 5-2 at 106.  Smith agreed to plead guilty to Counts I and IV, as amended to involuntary manslaughter and kidnapping, respectively, and one firearm specification.  ECF Doc. 5-2 at 104.  The state agreed to dismiss the remaining counts and to a recommended aggregate prison term of between 9 and 25 years.  ECF Doc. 5-2 at 105.  The trial

court accepted Smith's plea and found him guilty of Counts I and IV, as amended.[2]  ECF Doc. 5-1 at 38–39; ECF Doc. 5-2 at 120–21.

### B.  Direct Appeal

On July 10, 2019, Smith was granted leave to file a delayed appeal.  ECF Doc. 5-1 at 62.  One of Smith's assignments of error asserted: "THE TRIAL COURT ERRED BY ACCEPTING [SMITH'S] GUILTY PLEA WITHOUT MAKING A FINDING AS TO COMPETENCY."  ECF Doc. 5-1 at 66–67.  Smith argued that although the court held a hearing on the issue of competency and the parties stipulated to an opinion that he was competent, the trial court failed make an explicit finding of competency, as required by Ohio Rev. Code § 2945.38(A).  ECF Doc. 5-1 at 73–75.  Thus, he argued that his plea was involuntary.  ECF Doc. 5-1 at 75–76.  The state filed an appellate brief.  ECF Doc. 5-1 at 83–95.

On June 25, 2020, the Ohio Court of Appeals overruled Smith's assignments of error and affirmed his convictions.  ECF Doc. 5-1 at 97–108; *see also State v. Smith*, 2020-Ohio-3454 (Ohio Ct. App. 2020).  The court held:

> Whe[n] an individual is presumed competent, the record demonstrates that the parties stipulated to the defendant's competency, and the court noted the parties' stipulation in its journal entry, the defendant's competency is no longer an issue that would preclude the trial court from making a reliable determination of the defendant's ability to enter a knowing, intelligent, and voluntary plea.

ECF Doc. 5-1 at 104–05.

Smith sought review by the Ohio Supreme Court.  ECF Doc. 5-1 at 110–11.  Smith's memorandum in support of jurisdiction raised one proposition of law that is relevant to Smith's claim in this action: "When a question about a criminal defendant's competence is properly raised, the trial court may not accept a guilty plea from that defendant before first determining on

---

[2] Smith also pleaded guilty to an unrelated charge of carrying a concealed weapon.  ECF Doc. 5-2 at 107, 121.  The propriety of that conviction is not at issue here.  *See* ECF Doc. 1 at 1.

4

the record and on the evidence that the defendant is, in fact, competent." ECF Doc. 5-1 at 114–22.  Smith added a single sentence at the end of the argument on his first assignment of error stating, in relevant part: "It follows, that the court improperly accepted Mr. Smith's guilty plea in violation of his statutory rights as well as his rights to fair trial and due process as protected by the Sixth and Fourteenth Amendments to the United States Constitution . . .." ECF Doc. 5-1 at 121–22.  On September 29, 2020, the Ohio Supreme Court declined to accept jurisdiction.  ECF Doc. 5-1 at 130.

### C.    Petition for Post-Conviction Relief

On October 9, 2019, Smith filed a pro se petition for post-conviction relief, raising two claims which challenged the adequacy of trial counsel's pre-plea investigation and advice to plead guilty.  ECF Doc. 5-1 at 132–46.  The state filed an opposition brief.  ECF Doc. 5-1 at 156–66.  On March 13, 2020, the trial court denied Smith's petition.  ECF Doc. 5-1 at 167–68. Smith did not appeal the trial court's order.  *See* Online Docket for Cuyahoga Cnty. Ct. of Comm. Pleas, No. CR-17-623415-A.[3]

## II.    Law and Analysis

Smith's Ground One claim, as clarified by his traverse, argues that his plea was involuntary because the trial court failed to hold a proper hearing on his competency.  ECF Doc. 1 at 5; ECF Doc. 10 at 3, 5–6.  Smith argues that the conflict between the two competency reports, his suicide attempt, and his conduct during a pretrial hearing constituted clear and convincing evidence to rebut the presumption that he was competent to stand trial.  ECF Doc. 10 at 5–7.

---

[3] Courts may take judicial notice of court records that are publicly available online.  *Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004).

Warden McConahay argues that Smith's Ground One claim is not cognizable to the extent that Smith argues that Ohio law requires an explicit finding of competency.  ECF Doc. 5 at 12.  The warden further argues that Smith has not rebutted the state courts' competency determination and that the state courts' finding of competency was not contrary to or an unreasonable application of clearly established federal law.  ECF Doc. 5 at 12–17.

Smith's traverse argues that he is not challenging the Ohio courts' application of Ohio law and instead challenges the voluntariness of his plea based on the lack of a competency determination.  ECF Doc. 10 at 3–4.

### A.    Procedural Default

Although not raised by Warden McConahay, Smith's Ground One claim is procedurally defaulted.  *See Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (stating that procedural default may be raised *sua sponte*, even if waived by the state).

### 1.    Establishing Default

Before coming to federal court, a habeas petitioner must give the state courts a "*fair*" opportunity to act on his federal constitutional claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original).  If the petitioner did not do so and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, which means this court cannot act on the claim either.  *Williams v. Anderson*, 460 F.3d 789, 809 (6th Cir. 2006).

For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have been raised *at every available stage* of state review.  *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  The petitioner must have presented "his claim to the state courts as a federal

constitutional issue – not merely as an issue arising under state law." *Williams*, 460 F.3d at 807 (internal quotation marks omitted).  In this Circuit, this can be done in one of four ways:

> (1) reliance upon federal cases employing constitutional analysis;
>
> (2) reliance upon state cases employing federal constitutional analysis;
>
> (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or
>
> (4) alleging facts well within the mainstream of constitutional law.

*McMeans*, 228 F.3d at 681 (paragraph breaks added).

Smith's Ground One claim is procedurally defaulted.  At bottom, Smith's Ground One claim argues that his due process rights were violated when the trial court failed to make specific findings on the record regarding his competency.  However, Smith did not argue to the Ohio Court of Appeals that the lack of specific findings on the issue of competency violated his federal constitutional rights; rather, he argued that the trial court's failure to strictly adhere to the procedural requirements of Ohio Rev. Code § 2945.38(A) precluded the court from accepting his guilty plea because it had not specifically found him to be competent.  *See Wagner*, 581 F.3d at 418; ECF Doc. 5-1 at 73–76.  Smith's Ohio Court of Appeals brief did not cite federal or state caselaw employing a federal constitutional analysis into the sufficiency of a competency hearing, phrase his claim in federal constitutional terms, or allege facts within the mainstream of constitutional law.  *McMeans*, 228 F.3d at 681.

Although Smith included a single, conclusory sentence in his memorandum in support of jurisdiction filed in the Ohio Supreme Court asserting that his federal Sixth and Fourteenth Amendment rights were violated by the trial court's handling of the competency issue, it is well settled that such undeveloped arguments do not adequately raise an issue for consideration.  *See McMeans*, 228 F.3d at 681 ("General allegations of the denial of rights to a fair trial and due

7

process do not fairly present claims that specific constitutional rights were violated." (Internal quotation marks omitted)); *see also Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995) ("It is not enough to scatter the words "due process" in a brief: counsel must sketch an argument about *why* the conviction violates that clause … ." (Emphasis in original)).  Thus, we must conclude that Smith procedurally defaulted his Ground One claim because he failed adequately to raise the claim at any level of the Ohio court system at any time.

Any future attempt by Smith to reopen his direct appeal in order to now raise a due process violation based on the competency procedures employed by the trial court would be barred by Ohio's res judicata doctrine.  Thus, Smith's Ground Claim is procedurally defaulted. *Williams*, 460 F.3d at 809.

### 2. Overcoming Default

Because the procedural-default bar to federal habeas review is harsh, courts have created safety-valves.  A petitioner can obtain review of procedurally defaulted claims if he shows: (1) "cause," *i.e.* that some external factor kept him from complying with the state rule or from fairly presenting his claim; and (2) "prejudice," *i.e.* that, assuming the petitioner's constitutional claim has merit, there is a reasonable probability that a different outcome would have resulted if the alleged constitutional violation hadn't occurred.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012).  A petitioner can also obtain review of a procedurally defaulted claim if his procedurally defaulted claim is based on new evidence that he was factually innocent of the crime of conviction.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Smith has not attempted to establish cause to excuse his procedural default.  *See generally* ECF Doc. 1; ECF Doc. 10.  Smith could potentially establish cause through a claim of

ineffective assistance of appellate counsel.  *Chase v. Macauley*, 971 F.3d 582, 591–92 (6th Cir.

2020).  But even that he cannot do because he has never raised a claim of ineffective assistance

of appellate counsel in state court, and any attempt to do so now would be untimely.  *See*

*Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); Ohio App. R. 26(B)(1) (requiring that an

application to reopen based on such a claim be filed within 90 days from the journalization of the

appellate judgment absent a showing of good cause for filing at a later date).  Smith's inability to

establish cause to excuse his procedural default makes it unnecessary to consider whether he can

show prejudice.  *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007).  And Smith has not raised

an actual innocence argument.  *See generally* ECF Doc. 1; ECF Doc. 10.

I recommend that Smith's Ground One claim be DISMISSED as procedurally defaulted.

**B.     Merits**

Even if not procedurally defaulted, Smith's Ground One claim would fail for lack of

merit.

Because the Ohio Court of Appeals addressed Smith's Ground One claim on the merits, a

writ of habeas corpus can issue only if that decision: (1) was contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court;

or (2) was based on an unreasonable determination of the facts in light of the record before the

state court.  28 U.S.C. § 2254(d).  So long as "fairminded jurists" could disagree on whether the

state court correctly decided the matter, we may not grant relief.  *Harrington v. Richter*, 562 U.S.

86, 101 (2011) (internal quotation marks omitted).

A criminal defendant cannot be tried or enter a valid plea if he is incompetent, i.e., he

lacks "sufficient present ability to consult with his lawyer with a reasonable degree of rational

understanding and has a rational as well as factual understanding of the proceedings against

him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (internal quotation marks omitted); *see also Himes v. Howard*, No. 22-1761, 2022 U.S. App. LEXIS 34383, at *3–4 (6th Cir. Dec.13, 2022) (unreported).  Courts must therefore hold a hearing and make a determination on the issue of competency whenever the record raises a "sufficient doubt" about the defendant's mental competency.  *Drope v. Missouri*, 420 U.S. 162, 171 (1975).  Although there are "no fixed or immutable signs" of incompetence, relevant factors include the defendant's irrational behavior, his demeanor, counsel's doubts of his client's competency, and any prior medical opinion on competence. *Id.* at 178 n.13, 180.

Because of the "open-ended standards" and "high threshold" for establishing incompetence, state courts are allowed "wide latitude" in determining whether to hold a competency hearing.  *Cowans v. Bagley*, 639 F.3d 241, 247 (6th Cir. 2011).  So long as the state court's decision was not contrary or an unreasonable application of clearly established federal law, "the court's factual competency determination must be upheld unless there is clear and convincing evidence to the contrary."  *Black v. Bell*, 664 F.3d 81, 102 (6th Cir. 2011) (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(e)(1).

Smith has not established that the state courts' denial of his Ground One claim was contrary to or involved an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(1).  Smith seizes on the lack of an explicit pronouncement by the trial court that he was competent.  However, Smith has not cited, and independent research has not revealed, any Supreme Court precedent requiring that such findings be explicitly stated.  *Stewart v. Winn*, 967 F.3d 534, 538 (6th Cir. 2020); *see generally* ECF Doc. 10.  On the other hand, a competency finding is necessarily implied by the trial court's finding that Smith's plea was knowing, voluntary, and intelligent.  *See Walton v. Angelone*, No. 7:99cv00940, 2002 U.S. Dist. LEXIS

5240, at *70 (W.D. Va. Mar. 27, 2002) ("It would be myopic to conclude that [the trial court's] finding that Walton's guilty plea was knowing, voluntary, and intelligent was not also a finding that Walton was competent to stand trial."); *see also, e.g.*, *Taylor v. Horn*, 504 F.3d 416, 431 (3d Cir. 2007); *Coleman v. Saffle*, 912 F.2d 1217, 1226 n.15 (10th Cir. 1990).

Likewise, it was not unreasonable for the Ohio Court of Appeals to conclude that the trial could forego a full competency hearing in light of the circumstances before it. As the court noted, the trial court had before it a medical opinion that Smith was competent, Smith stipulated to the report, and Smith declined to present a third opinion. ECF Doc. 5-1 at 102; *see* ECF Doc. 5-2 at 36–38. With the exception of Smith's alleged suicide attempt and Smith's statement at the June 18, 2016 pretrial conference that he "always be shaking," the record contains no evidence of erratic behavior or an inability to understand the proceedings. ECF Doc. 5-2 at 28, 33; *see generally* ECF Doc. 5-2. And defense counsel asserted at the plea hearing that his client's plea was knowing, intelligent, and voluntary. ECF Doc. 5-1 at 106. Given the "wide-latitude" afforded to the state court competency determinations, it was not objectively unreasonable for the Ohio Court of Appeals to find that a full competency hearing was not warranted. *See Cowans*, 639 F.3d at 247; *see also Ciavone v. Mackie*, No. 11-14641, 2015 U.S. Dist. LEXIS 176580, at *16 (E.D. Mich. June 19, 2015). And Smith's emphasis on the inconclusive competency report, defense counsel's belief that Smith had made a suicide attempt, and Smith's statement about shaking is insufficient to rebut the state courts' competency determination. *See* 28 U.S.C. § 2254(e)(1).

Should the court prefer to dispose of Smith's Ground One claim on this basis, it could be denied as meritless.

**III.    Certificate of Appealability[4]**

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a certificate of appealability

("COA") for an issue raised in a §2254 habeas petition only if the petitioner has made a

substantial showing of the denial of a federal constitutional right.  *Cunningham v. Shoop*, 817 F.

App'x 223, 224 (6th Cir. 2020).  A petitioner satisfies this standard by demonstrating that

reasonable jurists "could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted);

*see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim is denied on procedural

grounds, the petitioner must show "that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S.

at 484.

If the Court accepts my recommendations, Smith will not be able to show that the Court's

rulings on his claim are debatable among jurists of reason.  Smith's sole claim for relief is

procedurally defaulted and meritless.  Because jurists of reason would not find these conclusions

to be debatable, I recommend that no COA issue in this case.

---

[4] In light of the requirement that the Court either grant or deny a certificate of appealability at the time of
its adverse order, a recommendation regarding the certificate of appealability is included.  Rule 11(a), 28
U.S.C. foll. § 2254.

## IV.    Recommendation

Because Smith's claim for relief is procedurally defaulted and meritless, I recommend

that Smith's claim be DISMISSED as defaulted or DENIED on the merits and that his petition

for a writ of habeas corpus be DENIED.  I further recommend that Smith not be granted a COA.


Dated: February 21, 2023

Thomas M. Parker
United States Magistrate Judge

---

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).